1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                      FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   ANTHONY LAWS,                              No.  2:14-cv-1466 DAD P
12                 Plaintiff,
13        v.                                    ORDER
14   R. OBERT et al.,
15                 Defendants.
16
17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.
18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This
19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).
20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §
21   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.
22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§
23   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in
24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct
25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and
26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments
27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.
28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                                1

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

2  1915(b)(2).

3  **SCREENING REQUIREMENT**

4  The court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

6  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

7  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

9  U.S.C. § 1915A(b)(1) & (2).

10  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

18  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

19  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

20  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21  However, in order to survive dismissal for failure to state a claim a complaint must contain more

22  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

23  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

24  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

25  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

26  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

27  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

28  /////

1    The Civil Rights Act under which this action was filed provides as follows:

2          Every person who, under color of [state law] . . . subjects, or causes
          to be subjected, any citizen of the United States . . . to the
3          deprivation of any rights, privileges, or immunities secured by the
          Constitution . . . shall be liable to the party injured in an action at
4          law, suit in equity, or other proper proceeding for redress.

5    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

7    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

9    meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

10   omits to perform an act which he is legally required to do that causes the deprivation of which

11   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12          Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

13   their employees under a theory of respondeat superior and, therefore, when a named defendant

14   holds a supervisorial position, the causal link between him and the claimed constitutional

15   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

16   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

17   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

18   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19                              **PLAINTIFF'S COMPLAINT**

20          In the present case, plaintiff has identified as defendants CSP-Solano mailroom personnel

21   R. Obert and A. Jerden.  In his complaint, plaintiff alleges that while he was housed at Pleasant

22   Valley State Prison ("PVSP") his appellate counsel mailed him a box containing transcripts of

23   legal proceedings.  Before plaintiff received the box, however, he was transferred to CSP-Solano.

24   According to plaintiff, the Captain of Central Operations at PVSP confirmed that prison officials

25   forwarded the box of transcripts to plaintiff at CSP-Solano, but plaintiff still has not received the

26   box or his legal transcripts.  Plaintiff claims that defendants' failure to deliver the box to him is

27   interfering with his access to the courts.  (Compl. 3 & Attachs.)

28   /////

3

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), his complaint must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must state what constitutional right or rights he believes each defendant has violated and support each such claim with factual allegations about each defendant's actions. Plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Insofar as plaintiff wishes to proceed on a denial of access to courts claim, he is advised that the right of access to the courts "forbids states from 'erect[ing] barriers that impede the right of access of incarcerated persons" to file civil actions that have a "reasonable basis in law or fact." Silva v. DeVittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) (quoting Snyder v. Nolen, 380 F.3d 279, 290 (7th Cir. 2004) & John L. v. Adams, 969 F.2d 228, 235 (6th Cir. 1992)). A prisoner asserting any denial of access to the courts claim must allege the anticipated or lost underlying cause of action as well an "actual injury," – "that is 'actual prejudice with respect to

4

1   contemplated or existing litigation, such as the inability to meet a filing deadline or to present a

2   claim." Lewis v. Casey, 518 U.S. 343, 348-49 (1996). See also Christopher v. Harbury, 536 U.S.

3   403, 415 (2002).   The right of access to the courts applies to non-frivolous direct criminal

4   appeals, habeas corpus proceedings and actions brought pursuant to 42 U.S.C. § 1983. Lewis,

5   518 U.S. at 353-55.  Thus, in any amended complaint plaintiff may elect to file, he will need to

6   specify what his lost underlying cause of action or habeas claim was and clarify what "actual

7   injury" he suffered, if any, as a result of the defendants' actions.

8        Plaintiff is informed that the court cannot refer to a prior pleading in order to make

9   plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

10   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

11   amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th

12   Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

13   function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

14   and the involvement of each defendant must be sufficiently alleged.

15                                          **OTHER MATTERS**

16        Also pending before the court are plaintiff's four motions to amend his complaint to

17   clarify his contentions regarding his exhaustion of administrative remedies, certain details of his

18   original complaint, and/or his request for relief.  The court will deny each of these motions.  As

19   an initial matter, where plaintiff has submitted a proposed amended complaint with his motion to

20   amend as is required, plaintiff's proposed amended complaints suffer from the same defects as his

21   original complaint and fail to state a cognizable claim.  Moreover, for the reasons discussed

22   above, the court will dismiss plaintiff's original complaint with leave to amend.  As such, plaintiff

23   will have an opportunity with any amended complaint that he elects to file to include all of the

24   allegations and claims he wishes to proceed on in this action.  Plaintiff is cautioned that this court

25   will not allow him to proceed in a piecemeal fashion.  Accordingly, any amended complaint he

26   elects to file should be complete and comply with the short and plain requirement of Rule 8 of the

27   Federal Rules of Civil Procedure and this order.

28   /////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis (Doc No. 9) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5.  Plaintiff's motions to amend his complaint (Doc. Nos. 8, 14, 15 & 18) are denied.

6.  Plaintiff's request for a copy of the docket sheet (Doc. No. 17) is granted.

7.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action and a courtesy copy of the docket sheet in this case.

Dated:  January 8, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
laws1466.14a