UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LAWS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. OBERT,<br><br>　　　　　Defendant. | No. 2:14-cv-01466 DB<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.[1] This action proceeds on plaintiff's third amended complaint (TAC), filed March 4, 2015. See ECF No. 26. Defendant moves to dismiss this action based on plaintiff's alleged failure to state a claim for denial of access to courts and alleged failure to exhaust his administrative remedies. See ECF No. 38-1. For the reasons outlined below, the court recommends granting defendant's motion to dismiss.

　　　As a preliminary matter, a district judge is not assigned to this case. The court hereby orders that the clerk randomly assign a district judge to this case so that this court's findings and recommendations can be considered.

---

[1] Defendant did not respond to the court's order directing him to complete and return the form indicating either his consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge.

I.  Procedural Background

Plaintiff initiated this action on June 18, 2014. On January 9, 2015, the then-assigned magistrate judge screened plaintiff's complaint and dismissed it with leave to amend for failure to state a claim. ECF No. 19. Plaintiff then filed three amended pleadings. See ECF Nos. 22; 23; 26. On April 24, 2015, the magistrate judge screened the last-filed pleading, the "third" amended complaint," and found it to state an access-to-court claim against defendant R. Obert. ECF No. 29.

On October 8, 2015, defendant filed the instant motion to dismiss, which plaintiff opposes. This matter is fully briefed and ready for disposition.

II.  Factual Allegations

The TAC alleges that defendant, who is employed as mailroom personnel at California State Prison, Solano (SOL) in Vacaville, California, denied plaintiff access to the courts by withholding transcripts mailed to plaintiff by his appellate counsel. Plaintiff alleges that he needed these transcripts for the prosecution of his pro se habeas corpus action.

Specifically, on July 31, 2013, while plaintiff was housed at Pleasant Valley State Prison (PVSP), he asked his appellate counsel to mail him the transcripts from the unsuccessful appeal of his criminal conviction so that he could pursue a habeas petition. On August 22, 2013, before the transcripts arrived at PVSP, plaintiff was transferred to SOL. The transcripts (in two separate packages) were initially received at PVSP on September 5, 2013 and September 14, 2013. The packages were immediately forwarded by PVSP personnel to SOL, where they were signed for on September 6, 2013 and September 15, 2013, respectively. However, according to plaintiff, when he contacted the SOL mailroom on September 22, 2013, an unspecified person in the mailroom told him that they had not received his transcripts.

Plaintiff filed his habeas petition on September 25, 2013, alleging ineffective assistance of counsel concerning his criminal conviction. ECF No. 38-2 at 4. Plaintiff's habeas petition was dismissed without prejudice on November 21, 2014 after plaintiff failed to file a traverse. Plaintiff requested the dismissal, claiming that he could not file a traverse (and would not file a waiver of the filing of a traverse) because his trial transcripts were sent to the wrong prison. ECF No. 38-2,

2

at 3-6. Before dismissing the case, the habeas court informed plaintiff that his trial transcripts were not necessary to draft a traverse and that a traverse was not necessary to proceed on the merits of Plaintiff's habeas petition. The court also warned plaintiff that dismissing his petition would likely render any future petitions untimely under the one-year statute of limitations for habeas petitions. Id.

For eight months, plaintiff waited and checked on the status of the packages before filing a 602 inmate appeal with PVSP. ECF No. 26 at 5, 15. On March 27, 2014, the PVSP appeals coordinator cancelled the appeal as untimely, but nonetheless reviewed the appeal in an attempt to resolve plaintiff's issue. On April 4, 2014, the PVSP mailroom sent plaintiff a letter indicating that his two boxes of transcripts were received and signed for by SOL mailroom personnel on September 6, 2013 and September 15, 2013.

Shortly before initiating this action, plaintiff filed an inmate appeal at SOL on June 5, 2014. Less than two weeks later, plaintiff filed this case. On July 30, 2014, plaintiff's inmate appeal was granted. See ECF No. 26 at 25-26. The decision specifically noted that when the transcripts were received, the files were placed on a shelf in the records division. Once the transcripts were tracked down, SOL attempted to deliver them to plaintiff, but plaintiff refused to accept them since they had been opened outside of his presence in violation of prison policy. Id. The appeals decision then stated that the legal mail was returned to the mailroom for proper processing. Id.

II.     Legal Standard

The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although "the PLRA's exhaustion requirement applies to all inmate suits about prison life," Porter v. Nussle, 534 U.S. 516, 532 (2002), the requirement for exhaustion under the PLRA is not absolute. See Albino v. Baca, 697 F.3d 1023, 1030–31 (9th Cir. 2012). As explicitly stated in the statute, "[t]he PLRA requires that an inmate exhaust only those administrative remedies 'as are available.'" Sapp v.

1    Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)) (administrative
2    remedies plainly unavailable if grievance was screened out for improper reasons); see also Nunez
3    v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) ("Remedies that rational inmates cannot be
4    expected to use are not capable of accomplishing their purposes and so are not available."). "We
5    have recognized that the PLRA therefore does not require exhaustion when circumstances render
6    administrative remedies 'effectively unavailable.'" Sapp, 623 F.3d at 822 (citing Nunez, 591 F.3d
7    at 1226); accord Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust
8    'available' remedies persists as long as some remedy remains 'available.' Once that is no longer
9    the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the
10   grievance.").

11         Dismissal of a prisoner civil rights action for failure to exhaust administrative remedies
12   must generally be brought and decided pursuant to a motion for summary judgment under Rule
13   56, Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc).
14   Defendant bears the burden of proving that there was an available administrative remedy that the
15   prisoner did not exhaust it. Id. at 1172. If defendant meets this burden, then the burden shifts to
16   plaintiff to "come forward with evidence showing that there is something in his particular case
17   that made the existing and generally available administrative remedies effectively unavailable to
18   him." Id. In adjudicating summary judgment on the issue of exhaustion, the court must view all
19   the facts in the record in the light most favorable to plaintiff. Id. at 1173.

20         However, a motion for summary judgment is unnecessary "[i]n the rare event that a failure
21   to exhaust is clear on the face of the complaint, [then] a defendant may move for dismissal under
22   Rule 12(b)(6)." Albino, 747 F.3d at 1166 (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th
23   Cir. 2003), insofar as it held that failure to exhaust should be raised by defendants as an
24   "unenumerated Rule 12(b) motion.").

25   III.   Discussion

26         The PLRA expressly requires prisoners to exhaust their remedies *before* filing their
27   lawsuit. Because exhaustion must precede the filing of the complaint, the PLRA is not satisfied
28   by exhausting administrative remedies *after* the lawsuit has been commenced. See McKinney v.

1  Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) ("Congress could have written a statute making

2  exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a

3  precondition to suit." (internal citation omitted)).

4      While exhaustion must typically be raised at the summary judgment stage, this case

5  presents the "rare event" where failure to exhaust is "clear on the face of the complaint." See

6  Albino, 747 F.3d at 1166. Plaintiff's inmate appeal filed at SOL, which is attached to his

7  complaint, was submitted on June 5, 2014. ECF No. 26 at 27. This inmate appeal was not

8  resolved until July 30, 2014. Id. at 25-26. Plaintiff initiated this lawsuit on June 18, 2014. ECF

9  No. 1. Thus, it is unambiguous from the face of the complaint that plaintiff initiated this lawsuit

10 while his inmate appeal was still pending.[2]

11     To be sure, plaintiff's inmate appeal was resolved while this lawsuit was pending.

12 However, the court does not have discretion to ignore the fact that the suit was initiated before the

13 claims were exhausted. See Booth, 731 U.S. at 741. "'Congress could have written a statute

14 making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion

15 a precondition to *suit*.'" McKinney, 311 F.3d at 1200 (quoting Perez v. Wisc. Dept. of Corr., 182

16 F.3d 532, 534-35 (7th Cir. 1999)) (emphasis in original).

17     Accordingly, the court recommends that plaintiff's lawsuit be dismissed without prejudice

18 because of plaintiff's clear failure to exhaust administrative remedies before filing this case.

19 IV.   Conclusion

20     For the reasons set forth above, IT IS HEREBY ORDERED that the clerk randomly

21 assign a district judge to this case and RECOMMENDED that defendant's motion to dismiss be

22 granted and that this case be dismissed without prejudice.

23     These findings and recommendations are submitted to the United States District Judge

24 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

---

[2] Plaintiff filed an inmate appeal with PVSP that was addressed before this action was filed. ECF No. 26 at 20. The PVSP appeal does not constitute exhaustion for this current lawsuit, however, because that appeal did not deal with the defendant in this lawsuit's alleged improper processing of his mail at SOL. Thus, the court only considers the status of the June 5, 2014 inmate appeal submitted at SOL for purposes of exhaustion of administrative remedies.

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 23, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:10
DLB1 / Prisoner - Civil Rights / laws1466.mtd